IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **April L. Roberts,** | Case No. 1:25cv02259 |
| **Plaintiff,** | |
| -vs- | JUDGE PAMELA A. BARKER |
| | |
| **Clifford K. Newman,** | MEMORANDUM OPINION AND ORDER |
| **Defendant.** | |

*Pro se* plaintiff April L. Roberts filed this action against Clifford K. Newman. (Doc. No. 1). Plaintiff also filed a motion for preliminary injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure. (Doc. No. 5). For the following reasons, Plaintiff's motion is denied and this action is dismissed.

## I. Background

Plaintiff's complaint consists of fragmented sentences and disjointed allegations. As best the Court can discern, Plaintiff's complaint is based on a Termination Agreement dated April 15, 2024, and the defendant's purported breach of the Termination Agreement through various alleged misdeeds. (Doc. No. 1 at 1, 2). Plaintiff lists the following causes of action: (1) Defendant, through Princeton Disability Advocates, participated in a pattern of racketeering activity in violation of The RICO Act, 18 U.S.C. § 1962(c); (2) Defendant knowingly misrepresented Princeton Disability Advocates ownership to defraud Plaintiff; (3) Defendant breached the Termination Agreement; (4) Defendant's extreme conduct constituted intentional infliction of emotional distress; (5) Defendant's actions created a hostile work environment in violation of Ohio Revised Code § 4112.02); (6) Defendant exercised dominion over Plaintiff's post-termination SSA fees from

Chase (conversion); and (7) Defendant was unjustly enriched through misappropriated fees/tax benefits. Additionally, Plaintiff's complaint contains multiple references to a New Jersey lawsuit with Case No. ESX-C-152-24, and on the civil cover sheet that accompanies her complaint, Plaintiff notes two "related cases": Case No. ESX-C-152-24 ("Judge Adubato stayed") and Case No. CV-25-116209 ("Judge Moore refiled here"). (Doc. No. 1-1). Plaintiff asks the Court for an accounting from Defendant of all Princeton Disability Advocates funds and transactions from 2017 to the present, and she seeks declaratory, injunctive, and monetary relief.

The Court's review of the Cuyahoga County Court of Common Pleas docket reveals that Plaintiff filed a complaint against Clifford K. Newman and two other individuals on April 23, 2025, concerning Princeton Disability Advocates and the Termination Agreement that is the subject of this federal action. *See Roberts v. Newman, et al.*, No. CV-25-116209 (Cuyahoga Cty Ct. Comm. Pl. filed April 23, 2025). The causes of action listed in the state court complaint include fraudulent misrepresentation, breach of contract, abuse of process, unjust enrichment, intentional infliction of emotional distress, gender-based harassment/hostile work environment in violation of Ohio law, civil conspiracy, and violation of The RICO Act, 18 U.S.C. § 1962(c). These claims are nearly identical to the claims identified in this federal complaint.

On June 11, 2025, Newman filed a motion to dismiss Plaintiff's complaint in the state court case, arguing that Plaintiff's complaint is barred by *res judicata*. Newman asserted that Plaintiff's complaint is directly and indirectly related to the Termination Agreement that is the subject of active litigation in the Superior Court of New Jersey, Essex County, Chancery Division, Case No. ESX-C-152-24. On October 14, 2025, the Cuyahoga County Court of Common Pleas granted Newman's motion to dismiss and entered judgment against Plaintiff with prejudice. *See Roberts*

*v. Newman, et al.*, No. CV-25-116209. One week later, undeterred by the decision of the Cuyahoga County Court of Common Pleas, Plaintiff filed this federal action.

## II. Standard of Review

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). And the Court is required to hold Plaintiff's complaint to a less stringent standard than one drafted by an attorney. *Spotts v. United States*, 429 F.3d 248, 250 (6th Cir.2005) (citing *Haines*, 404 U.S. at 520). However, the lenient treatment accorded *pro se* litigants "has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). *Pro se* plaintiffs must still meet basic pleading requirements and courts are not obligated to conjure allegations on their behalf or construct claims for them. *See Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (finding that requiring courts "to explore exhaustively all potential claims of a pro se plaintiff . . . would . . . transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party").

Furthermore, federal courts are courts of limited jurisdiction, and they have a duty to police the boundaries of their own jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). "[D]efects in subject matter jurisdiction cannot be waived by the parties and may be addressed by a court on its own motion at any stage of the proceedings." *Owens v. Brock*, 860 F.2d 1363, 1367 (6th Cir. 1988) (citing Fed. R. Civ. P. 12(h)(3)); *Curry v. US. Bulk Transp., Inc.*, 462 F.3d 536, 539 (6th Cir. 2006) (same) (citing *Owens*, 860 F.2d at 1367). A federal court may at any time conduct a limited screening procedure and dismiss, *sua sponte*, a fee-paid complaint for lack of subject

matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) if it appears that the allegations are "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir.1999) (citing *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974)). *Sua sponte* dismissal is also authorized where the asserted claims lack an arguable basis in law. *Apple*, 183 F.3d at 480.

### III. Discussion

Upon review, the Court finds that Plaintiff's claims are barred by *res judicata*. The doctrine of *res judicata* bars duplicative litigation based on the same event or events. *Montana v. United States*, 440 U.S. 147, 153, 99 S. Ct. 970, 59 L. Ed. 2d 210 (1979*); Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 326, 99 S. Ct. 645, 58 L. Ed. 2d 552 (1979). The term "res judicata" literally means "a thing [already] adjudicated." Black's Law Dictionary, 2nd Ed. When one court has already resolved the merits of a case, another court will not revisit them. *Montana*, 440 U.S. at 153; *Parklane Hosiery Co., Inc.*, 439 U.S. at 326. The doctrine of *res judicata* therefore precludes a party from bringing a subsequent lawsuit on the same claim or from raising a new defense to defeat the prior judgment. *Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 918 F.2d 658, 660 (6th Cir. 1990). The doctrine bars relitigation of every issue actually brought before the Court and every issue or defense that should have been raised in the previous action. *Id.* Furthermore, *res judicata* bars Plaintiff from relitigating in federal court claims and issues that were previously decided by a state court. *Bragg v. Flint Bd. of Educ.*, 570 F.3d 775, 776 (6th Cir. 2009).

Here, Roberts filed an action in state court concerning Princeton Disability Advocates and Newman's purported breach of a Termination Agreement, as well as claims for fraudulent misrepresentation, abuse of process, unjust enrichment, intentional infliction of emotional distress, gender-based harassment/hostile work environment, conspiracy, and a violation of RICO. The

state court entered judgment in that case in favor of Newman and against Roberts. Apparently unhappy with the state court's decision, Roberts filed this federal complaint against Newman containing virtually identical claims. *Res judicata* bars Roberts from bringing a lawsuit in federal court against the same defendant based on the same facts and claims that were addressed in state court. This matter is "no longer open to discussion" and is therefore dismissed. *Apple*, 183 F.3d at 479; *see also Sawyer v. Lexington Fayette Urban-Cty. Gov't*, 2006 U.S. Dist. LEXIS 2855, 2006 WL 208825, at *5 (E.D. Ky.) (dismissing complaint based on *Apple* because, *inter alia*, claims barred by doctrine of *res judicata*).

### IV. Conclusion

Accordingly, the Court denies Plaintiff's motion for preliminary injunction (Doc. No. 5) and dismisses this action pursuant to the Court's authority established in *Apple v. Glenn*. Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

 s/*Pamela A. Barker*
PAMELA A. BARKER
Date:  October 30, 2025    U. S. DISTRICT JUDGE